WILLIAM H. INNESS, APPELLEE, V. JOHN H. MEYER,
APPELLANT.

FILED JANUARY 31, 1913.   No. 16,939.

1. **Parent and Child:** ACTION FOR SERVICES OF INFANT. As a general
rule, the right of action for the services or earnings of an un-
emancipated minor is in the parent, and this is invariably true
where the contract of employment was made by the parent.

2. **Appeal:** TRIAL BY COURT: FINDINGS. Where a question of fact in
an action at law is submitted to the court, without a jury, upon
competent evidence, the judgment of the court is entitled to the
same weight and consideration as the verdict of a jury; and the
finding and judgment will not be disturbed on appeal, although
the evidence was conflicting, unless it can be said that the find-
ing is clearly wrong.

APPEAL from the district court for Wheeler county:
JAMES N. PAUL, JUDGE. *Affirmed.*

*G. N. Anderson,* for appellant.

*J. R. Swain* and *T. D. Meese, contra.*

BARNES, J.

This is an appeal from a judgment of the district court
for Wheeler county. It appears that the plaintiff and
defendant entered into an agreement by which plaintiff's
son, a boy about 15 years of age, who was living with and
being supported by his father, was to herd cattle for the
defendant, and defendant agreed to pay plaintiff for the
services of his son $18 a month. The services were per-
formed, as claimed by the plaintiff, for a period of four
months and fourteen days. On defendant's refusal to
pay for the services in question, plaintiff brought an ac-
tion in justice court of Wheeler county, and recovered a
judgment against the defendant for the sum of $81.69.
The defendant appealed to the district court, and on a
trial, without the intervention of a jury, plaintiff again
had judgment for $80.33. To reverse that judgment the
defendant has prosecuted this appeal.

Two grounds for a reversal are assigned, which may be stated as follows: First. The defendant was not the real party in interest, and had not the legal capacity to maintain this action. Second. The judgment is not sustained by sufficient evidence.

In support of defendant's first assignment, it is argued that plaintiff's minor son was the real party in interest, and the action could only be maintained by him through or by his next friend. The testimony discloses that the plaintiff had not emancipated his son, but, on the contrary, claimed his wages; that the contract with defendant was made by plaintiff, and not by the minor son, who made no claim for his services. In such a case, it cannot be said that the minor son of the plaintiff was the real party in interest. As a general rule, the right of action for the services or earnings of an unemancipated minor is in the parent. This is invariably true where the contract of employment was made by the parent. 29 Cyc. 1631. As shown by the evidence in this case, plaintiff was the real party in interest, was the proper party to bring this action, and defendant's contention cannot be sustained.

In support of the second assignment of error, it is argued that the evidence is insufficient to support the judgment, for the reason that the plaintiff was entitled to receive compensation at the rate of $18 a month, counting 30 days as a month, instead of 26 days, as claimed by the plaintiff. The plaintiff testified that it was the custom among cattlemen to pay for such services at the rate of 26 days, instead of 30 days, a month; that this was the understanding between plaintiff and defendant at the time the services in question were contracted for; that on a former occasion defendant had paid plaintiff for like services at the rate of 26 days a month, and this testimony was not denied by the plaintiff. The defendant now insists, however, that he was entitled to receive the services of the plaintiff's son for full 30 days for each month during which he was employed. That question, however, was

submitted to the court upon competent evidence, and, even if it was somewhat conflicting, the finding of the trial court is entitled to the same weight as the verdict of a jury, and such finding and judgment of the trial court will not be disturbed on appeal.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.